**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:25-CV-00178-HBB**

**DARREN M.[1]**                                                                    **PLAINTIFF**

**VS.**

**FRANK BISIGNANO, COMMISSIONER OF**
**SOCIAL SECURITY**                                                               **DEFENDANT**

**MEMORANDUM OPINION**
**AND ORDER**

### I.      BACKGROUND

Before the Court is the Complaint (DN 1) of Darren M. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Both Plaintiff (DN 11) and Defendant (DN 12) have filed a Fact and Law Summary.  Plaintiff filed a Reply (DN 13).  For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 9).  By Order entered February 9, 2026 (DN 10), the parties were notified that oral arguments would not be held unless a written request therefore was filed and granted.  No such request was filed.

### II.      FINDINGS OF FACT

On August 19, 2021, Plaintiff protectively filed an application for Disability Insurance

---

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

Benefits (Tr. 354-60).  Plaintiff alleged that he became disabled on September 20, 2020, as a result of spinal and cervical issues, spinal and lumbar issues, depression, multiple knee surgeries, and migraine headaches (Tr. 406).  The applications were denied initially and upon reconsideration (Tr. 127-43).

On March 2, 2023, ALJ David Peeples conducted a hearing (Tr. 17).  In his subsequent decision, ALJ Peeples found that Plaintiff was not disabled (Tr. 147-59).  On April 18, 2024, the Appeals Council vacated and remanded the ALJ's decision to address one issue:  consideration of additional evidence concerning Plaintiff's knee treatment (Tr. 164-67).

On October 3, 2024, ALJ Peeples conducted a second online video hearing (Tr. 46) and rendered a new decision (Tr. 17-38).  In his decision, ALJ Peeples determined that Plaintiff has the following severe impairments:  status post cervical spine fusion, degenerative disc disease of the lumbar spine, status post right knee meniscus repair and total knee arthroplasty, left shoulder tendinitis and arthritis, migraines, and hearing loss (Tr. 20).  The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except he can stand or walk for no more than fifteen minutes at a time for a total of six hours in an eight-hour workday; he can sit six hours in an eight-hour workday; he can lift and carry and push and pull ten pounds occasionally and less than ten pounds frequently; he can frequently climb ramps and stairs, but he can never climb ladders, ropes, or scaffolds; he can frequently stoop and crouch; he can occasionally kneel and crawl; he can occasionally reach overhead with the bilateral upper extremities; he should avoid concentrated exposure to hazards including unprotected heights and moving mechanical parts; he should avoid concentrated exposure to noise at an intensity greater than level three or moderate (Tr. 24).

2

Ultimately ALJ Peeples concluded that Plaintiff has not been under a disability from September 20, 2020, through the date of the decision (Tr. 37). Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 352-53), and the Appeals Council denied Plaintiff's request for review (Tr. 1-4). The matter is now ripe.

### III.    CONCLUSIONS OF LAW

#### A.    Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993), and whether the correct legal standards were applied. *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

When the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4), the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). The Court reviews the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).

## B.    The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits to persons with disabilities.  42 U.S.C. § 401 et seq. (Title II Disability Insurance Benefits).  The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.  *See* "Evaluation of disability in general," 20 C.F.R. § 404.1520.  In summary, the evaluation proceeds as follows:

1)    Is the claimant engaged in substantial gainful activity?

2)    Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3)    Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4)    Does the claimant have the RFC to return to his or her past relevant work?

5)    Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. § 404.1520(a)(4)(i)-(v).

## C.    RFC:  Function-by-Function Assessment

*1.  Arguments of the Parties*

Plaintiff avers that the RFC determination is not supported by a logical explanation as required by SSR 96-8p (DN 11 PageID # 914-15).  Plaintiff points to an MRI showing lumbar

abnormalities and his reports of pain that the ALJ did "not explain how these findings support the ability to sustain sedentary work activity on a regular and continuing basis." (*Id.*).  Plaintiff asks that the Court reverse the Commissioner's denial and award benefits or remand[2] for further proceedings (*Id.* at PageID # 916-17).

In response, Defendant avers that the ALJ properly evaluated Plaintiff's impairments and limitations in determining his RFC (DN 12 PageID # 920).  Defendant relies on the ALJ's opinion itself as a detailed explanation without error and asserts that Plaintiff has failed to meet his burden of proffering evidence supporting greater limitations (*Id.* at PageID # 920-22).

In reply, Plaintiff clarifies his argument as the ALJ erred by not providing a function-by-function assessment as required under SSR 96-8p (DN 13 PageID # 934).  Plaintiff believes that the ALJ only made generalized statements supporting his RFC determination, which does not satisfy SSR 96-8p (*Id.* at PageID # 937).

*2. Applicable Law*

The RFC determination is a function-by-function assessment based on the medical evidence of the claimant's ability to perform work-related activities. *Hallmark v. Comm'r of Soc. Sec.*, No. 17-CV-13665, 2018 U.S. Dist. LEXIS 216607, at *13 (E.D. Mich. Aug. 15, 2018).  "SSR 96-8p requires an ALJ to individually assess the exertional (lifting, carrying, standing, walking, sitting, pushing, and pulling), and non-exertional (manipulative, postural, visual, communicative,

---

2 Plaintiff asks for reversal and award of benefits, stating that because remand "would primarily revisit the same record" he instead seeks reversal (DN 11 PageID # 916).  However, in the "Conclusion" Plaintiff asks for reversal or, in the alternative, remand (*Id.* at PageID # 917).  In Plaintiff's Reply, he refutes Commissioner's argument that if any remedy is warranted, it would be remand not reversal, by asserting that the case has already been remanded by the Appeals Council and again asking for reversal (DN 13 PageID # 940).  This section of Plaintiff's brief is entitled "REVERSAL IS WARRANTED" (*Id.*).  In Plaintiff's "Conclusion", he again asks "alternatively for further proceedings consistent with applicable law"—seemingly asking for remand (*Id.*).  Because Plaintiff makes a substantive argument for reversal and only mentions remand in what may be stock language in the conclusion section, the undersigned concludes that Plaintiff only prays for relief by reversal—not remand.

and mental functions) capacities of the claimant in determining a claimant's RFC." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002).  An ALJ is not required to discuss every conceivable function, but how the evidence does or does not support the limitations identified.  *Id.*; *Hallmark*, 2018 U.S. Dist. LEXIS 216607, at *13-14.

   3.  *Discussion*

   Plaintiff asserts that the ALJ failed to follow SSR 98-6p by failing to provide a function-by-function assessment in formulating the RFC, pointing to two pieces of medical evidence (DN 11 PageID # 914-16; DN 13 PageID # 937).  "[W]hile SSR 98-6p implicitly requires an ALJ to *consider* all work-related limitations and functions in determining a claimant's nonexertional capacity, it does not require an ALJ to explicitly *address* Plaintiff's limitations with regard to every work-related function."  *Jackson v. Comm'r of Soc. Sec.*, No. 16-CV-13032, 2017 U.S. Dist. LEXIS 159950, at *15 (E.D. Mich. July 26, 2017) (citation modified).  To satisfy SSR 98-6p, an ALJ is not required to produce a function-by-function analysis in writing but articulate how the evidence in the record supports the RFC determination.  *Delgado*, 30 F. App'x at 547-48.

   While Plaintiff relies on an MRI and Plaintiff's reported symptoms as supporting greater limitations, the Court is limited to reckoning whether the ALJ's RFC determination is supported by substantial evidence.  42 U.S.C. § 405(g); *see Cotton*, 2 F.3d at 695.  On March 1, 2021, Plaintiff underwent an MRI of his lumbar spine for his lumbar radiculopathy (Tr. 544).  Plaintiff asserts that this MRI does not show how he can perform sedentary work except he can stand or walk no more than fifteen minutes at a time for a total of six hours in an eight-hour workday (DN 11 PageID # 914).[3]  The MRI showed:

---

3 Plaintiff erroneously states that the standing and walking limitation is limited to "two hours per workday" but the ALJ limited Plaintiff to standing and walking no more than six out of eight hours in a workday (DN 11 PageID # 914).

> There is desiccation of the intervertebral discs at L3/L4 and L4/L5 level.
> At L3/L4 level there is mild annular posterior disc bulge with mild compromise of the bilateral neural foramina and mild to moderate spinal canal stenosis due to hypertrophic change.
> At L4/L5 level there is minimal annular disc bulge without any compromise of the neural foramina.  Very minimal spinal canal stenosis is seen at this level.

(Tr. 545).  ALJ Peeples discussed the findings of this MRI in detail, noting the mild and minimal findings (Tr. 26) (citing Tr. 545).  The ALJ discussed records from a visit on March 29, 2021:

> The claimant returned to the Leatherman Spine Center with neck and low back pain.  Given a relatively normal cervical and lumbar examination, and in light of radiological studies, it was felt his pain was arthritic in nature and lab work was ordered (Exhibit 7F/66).  X-rays of the lumbar spine showed disc space narrowing at L3-4.

(Tr. 26) (citing Tr. 729).  In addition to the MRI, ALJ Peeples considered treatment records to Leatherman Spine Center (*Id.*) (citing Tr. 549, 729, 733).  The ALJ concluded that given "normal clinical findings and no evidence of nerve root involvement of the lumbar spine" that Plaintiff could perform sedentary work (*Id.*).

Plaintiff also relies on his reported symptoms showing that his pain interfered with his ability to function (DN 11 PageID # 914) (citing Tr. 133[4], 412-13).  In a function report, Plaintiff reported that "pain controls a huge part of my life.  Whenever I have severe pain, I can't work I can't function, my eyes don't open." (Tr. 133, 412).  The ALJ considered Plaintiff's reported symptoms but found them inconsistent with the medical evidence (Tr. 30-33).  ALJ Peeples considered that Plaintiff performed a wide range of daily activities, inconsistent with disabling pain (Tr. 30-31).  ALJ Peeples considered that Plaintiff's pain has responded to treatment and that no objective medical findings have found a debilitating spinal or other orthopedic condition (Tr.

---

4 Plaintiff cites to "(2A (Page 7))" (Tr. 134) but the quoted language appears on the previous page (Tr. 133) (DN 11 PageID # 914).

31).  The ALJ notes that there are no records of visits to urgent care or emergency services for uncontrolled pain (Tr. 32).  Nonetheless, because some pain is supported by the medical evidence, the ALJ reduced his capacity to sedentary work (Tr. 31).  While Plaintiff believes his reported symptoms merit a different conclusion, because the ALJ articulated how the evidence supports his RFC determination, discussed his abilities to perform sustained work-related activities, and explained the resolution of any inconsistencies in the record, ALJ Peeples satisfied SSR 96-8p. *Delgado*, 30 F. App'x at 547-48.

Plaintiff asserts that while the ALJ summarized the evidence he did not explain how the findings support the RFC (DN 11 PageID # 915).  ALJ Peeples discussed both pieces of evidence in detail:  the ALJ considered the MRI findings (Tr. 26) and Plaintiff's symptoms (Tr. 32).  Regardless, because substantial evidence supports the ALJ's conclusion, Plaintiff's reliance on two pieces of evidence that may indicate otherwise is inapposite.  *Blanks v. Comm'r of Soc. Security*, No. 2:22-CV-12948, 2023 U.S. Dist. LEXIS 234818, at *3 (E.D. Mich. Dec. 4, 2023).  ALJ Peeples articulated how the medical evidence of record supports the RFC determination, satisfying SSR 98-6p.  *Delgado*, 30 F. App'x at 547-48.  No error exists warranting reversal.

### D.   Evaluation of Plaintiff's Symptoms

#### 1.  Arguments of the Parties

Plaintiff avers that the ALJ's evaluation of Plaintiff's symptoms does not comply with SSR 16-3p (DN 11 PageID # 915).  Plaintiff believes that his reports of disabling pain "reflect variability in functioning" that he asserts means he cannot sustain full-time work (*Id.*).  Plaintiff further contends that the pain is aggravated by work-related activities, and that the ALJ should have considered the cumulative effect of his symptoms over the course of the workday (*Id.*).

In response, Defendant avers that the ALJ properly articulated and supported his symptoms evaluation with medical evidence (DN 12 PageID # 922-28). Defendant emphasizes the ALJ's extensive and thorough evaluation accords with the seven factors according to SSR 16-3p (*Id.* at PageID # 923-28).

In reply, Plaintiff reiterates that he is only able to perform activities like mowing, cooking, and managing finances intermittently, which does not establish that he can work on a full-time basis (DN 13 PageID # 938) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248-49 (6th Cir. 2007)). Plaintiff further contends that under SSR 16-3p the ALJ cannot rely on conservative treatment history without considering the full context, like here where Plaintiff failed conservative treatment and subsequently underwent a total kneed arthroplasty and continues to report pain (*Id.*).[5]

### 2. Applicable Law

In assessing a claimant's RFC, the ALJ must necessarily consider the subjective allegations of the claimant and make findings. 20 C.F.R. § 404.1529; Social Security Ruling 16-3p. A claimant's statement that he is experiencing pain or other symptoms will not, taken alone, establish that he is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain alleged. 20 C.F.R. § 404.1529(a). In determining whether a claimant suffers from debilitating pain, the two-part test set forth in *Duncan v. Sec'y of Health & Hum. Servs.*, 801 F.2d 847, 853 (6th Cir. 1986), applies. First, the ALJ must "examine whether there is objective medical evidence of an underlying medical condition." *Id.* If there is, then the ALJ must determine: "(1) whether

---

5 Because Plaintiff may not raise new arguments in the reply brief, this argument that the ALJ improperly considered the conservative nature of treatment in evaluating his symptoms is deemed waived. *See, e.g., Howard v. Comm'r of Soc. Sec.*, No. 1:14-CV-1207, 2015 U.S. Dist. LEXIS 164641, at *12 (W.D. Mich. Dec. 9, 2015).

objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain." *Id.* When, as in this case, the reported pain suggests an impairment of greater severity than can be shown by objective medical evidence, the ALJ will consider other information and factors which may be relevant to the degree of pain alleged. 20 C.F.R. § 404.1529(c)(3).

A plaintiff's level of daily activity is a factor which the ALJ may consider in determining the extent to which pain is of disabling severity. 20 C.F.R. § 404.1529(c)(3)(i); *Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993); *Blacha v. Sec'y of Health & Hum. Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) (ALJ may consider household and social activities to evaluate complaints of disabling pain). A second factor is the frequency that plaintiff has sought treatment for the allegedly disabling condition is also a factor that may be considered in assessing his subjective complaints. 20 C.F.R. § 404.1529(c)(3)(v). A third factor is whether there are "any inconsistencies in the evidence and the extent to which there are any conflicts between [Plaintiff's] statements and the rest of the evidence . . ." 20 C.F.R. § 404.1529(c)(4). Yet another factor is the medication used to alleviate the alleged pain or other symptoms. 20 C.F.R. § 404.1529(c)(3)(iv). Mild medication and infrequency of dosages do not bear out claims of debilitating pain. *See Maher v. Sec'y of Health & Hum. Servs.*, 898 F.2d 1106, 1109 (6th Cir. 1989).

### 3. Discussion

ALJ Peeples discussed Plaintiff's symptoms of disabling pain due to his back and knee:

> The undersigned takes note of no urgent care or emergency services for uncontrolled pain. Despite the claimant's continued complaints of pain, he has not received any further treatment other than pain medication and right knee replacement since his alleged onset date. The undersigned also notes that abnormal

findings on clinical examination have generally been limited to tenderness and decreased range of motion with some occasional neurological deficits, but nothing persistent or disabling that would preclude all work for 12 continuous months. The undersigned again reiterates that his daily activities (Exhibit 4F) are not limited to the extent one would expect given his complaints of disabling symptoms and limitations. Per his function reports (Exhibit 4E and 12E), he can cook, sweep, do small repairs, mow, do laundry, and mop in 15 minute increments, and he is limited to standing and walking 15 minutes at one time in his residual functional capacity. Although he reported he does not shop (Exhibit 4F), his function report and third-party reports indicate he shops in stores, by phone, by mail and by computer. He can manage money. He reported that he watches television, hunts, fishes, hikes, travels, and does woodworking depending on his level of pain. He reported that he likes to feed the hungry in the community. He noted that he goes places as often as his pain allows and he needs no one to accompany him. He reported the capacity to walk a mile, but in his second report, he reported walking a fourth of a mile or less. He reported using a cane and brace when he hikes, fishes, hunts, works, and mows. He uses the brace daily and a cane as needed. The undersigned finds no documentation that the cane was prescribed. He provides some care for his children and pets. He attends sporting events, plays, and cross country meets on a regular basis. Overall, activities of daily living are intact and his allegations of severe and disabling levels of pain are not fully supported by the medical evidence of record. Overall, there exists little objective evidence in the record to substantiate the claimant's alleged disabling limitations. Given the claimant's allegations of total disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by a treating source, but there are no such limitations of record. There is no medical opinion of record from a treating medical source setting forth function-by-function limitations.

(Tr. 32). Plaintiff believes that the ALJ should have considered his daily activities as performed intermittently and dependent upon his fluctuating pain levels (DN 11 PageID # 915). Plaintiff alleges that when his pain is severe, he cannot "function at all" such that he would not be able to sustain full-time work (*Id.*) (citing Tr. 133, 412[6]). Plaintiff does not take issue with the ALJ's characterization of his daily activities, but avers that under *Rogers* the ALJ cannot rely on minimal and intermittent activities as support that he can perform full-time work (DN 13 PageID # 938)

---

6 Plaintiff cites "(2A (page 3) AR p 413 414 ) [sic]" but the quoted language is not found in the Transcript at pp. 413-14 but on p. 130. Plaintiff also cites "(2A (page 7)AR p 443-444) [sic]" but the quoted language is not found in the Transcript at pp. 443-44 or on p. 7 of Exhibit 2A, but appears on Tr. 133 or p. 6 of Exhibit 2A.

(citing 486 F.3d at 248-49).

*Rogers* is distinguishable from the facts here. First, the claimant's disabling symptoms arose from fibromyalgia, a condition "where subjective complaints play an important role in the diagnosis and treatment of the condition," such that "providing justification for discounting a claimant's statements [of disabling pain] is particularly important." 486 F.3d at 248. Plaintiff does not argue that his back and knee conditions are akin to fibromyalgia where objective findings are generally lacking. *Id.* (citing *Canfield v. Comm'r of Soc. Sec.*, No. 01-CV-73472-DT, 2002 U.S. Dist. LEXIS 18921, at *4 (E.D. Mich. Sep. 13, 2002) (explaining that there are no laboratory tests proving fibromyalgia and its symptoms are entirely subjective)). Second, the Court found that the ALJ had mischaracterized the claimant's daily activities by overstating her daily functions, such that her minimal daily activities do not compare to work activities. *Id.* at 248-49. While the Court did point out that the ALJ failed "to examine the physical effects coextensive with []performance" of the claimant's daily activities, the facts the Court relied on were distinctly minor:

> Specifically, Rogers indicated that she does very little driving due to her inability to sit for longer than a few minutes; that she engages in light housekeeping only; that the extent of her care for her dog includes opening the door to let him out in the morning; that she likes to read but has difficulty holding a book; that fixing meals usually means a sandwich or cereal; and that buttoning her shirt is difficult due to the numbness in her fingers. The ALJ likewise failed to note or comment upon the fact that Rogers receives assistance for many everyday activities and even personal care from her children, who live close by.

*Id.* at 249. Here, Plaintiff stated that even when pain is moderate, he will mow, do laundry, mop, sweep, do small repairs, and otherwise maintain his home (Tr. 414). Plaintiff stated that he attends cross country meets once a week and enjoys fishing, hiking, traveling, and generally being outside as often as his pain allows (Tr. 416). Plaintiff's daily activities are certainly more rigorous and comparative to work activities than in *Rogers*, where she was not capable of holding a book or

12

buttoning her shirt.  486 F.3d at 249.  While Plaintiff's activities during the relevant time period may not be extensive, they are not indicative of disabling pain.  *See Crisp v. Sec'y of Health & Hum. Servs.*, 790 F.2d 450, 453 (6th Cir. 1986).

While Plaintiff is correct in stating that the "ability to perform limited activities on an intermittent basis does not necessarily translate into the ability to sustain full-time work activity" the ALJ necessarily considered this in evaluating his symptoms (DN 11 PageID # 915).  "In finding Plaintiff capable of sustaining full-time work, the ALJ unequivocally rejected much of Plaintiff's testimony that pain from multiple impairments precludes sustained work activity."  *Mauldin v. Comm'r of Soc. Sec.*, No. 1:17-CV-868, 2018 U.S. Dist. LEXIS 214990, at *11 (S.D. Ohio Dec. 21, 2018).  Thus, Plaintiff's assertion that the ALJ did not address Plaintiff's varying symptoms is without merit.  Because Plaintiff points to no other error by the ALJ in evaluating his symptoms, and the undersigned finds that the ALJ has complied with all applicable regulations and supported his determination with substantial evidence, no error exists warranting reversal.

### E.    Compliance with the Appeals Council Remand Order

#### 1.  Arguments of the Parties

Plaintiff avers that the ALJ did not fully comply with the Appeals Council's remand order to consider new evidence related to his right knee impairment (DN 11 PageID # 915-16).  Plaintiff believes that the ALJ failed to discuss in sufficient detail how his right knee arthroplasty and failed conservative treatment would affect his RFC determination (*Id.*).

In response, Defendant avers that the ALJ did adequately discuss and analyze the new evidence as to Plaintiff's knee impairment (DN 12 PageID # 928-29).  Defendant contends that the ALJ concluded that Plaintiff's knee impairment had improved, after sufficiently reviewing the

records, and Plaintiff's stress that the ALJ should have reached a different result given the Appeals Council's remand order is misplaced as the remand order does not direct an outcome (*Id.*).

In reply, Plaintiff points out that the Commissioner does not cite any specific portion of the ALJ's decision where he addressed the new evidence (DN 13 PageID # 939).   Furthermore, Plaintiff reiterates that the ALJ did not consider the evidence showing that he failed conservative treatment and how a subsequent knee replacement would affect his RFC over time (*Id.*).

   *2.  Applicable Law*

When the Appeals Council orders remand, the "administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order."  20 C.F.R. § 404.977.  Failure to comply with the Appeal Council's order on remand is not cognizable on judicial review.  "Although the Sixth Circuit has not addressed the issue, the overwhelming majority of courts in this circuit have determined that federal courts lack jurisdiction to consider whether an administrative law judge complied with the Appeals Council's instructions on remand."  *Faith M. v. O'Malley*, No. 5:23-CV-00106-LLK, 2024 U.S. Dist. LEXIS 79493, at *8 (W.D. Ky. Apr. 30, 2024) (quoting *Hubbard v. Comm'r of Soc. Sec.*, No. 18-11758, 2019 U.S. Dist. LEXIS 163148, at *3 (E.D. Mich. June 10, 2019)) (citation modified).

   *3.  Discussion*

Plaintiff does not cite to any authority supporting his claim as cognizable.  The only avenue for relief is if lack of compliance with the Appeals Council's order causes the resulting decision to not be supported by substantial evidence.  *Faith M.*, 2024 U.S. Dist. LEXIS 79493, at *8-9.  Plaintiff does not make this argument.  ALJ Peeples thoroughly analyzed and evaluated the

evidence of record in his discussion of Plaintiff's RFC spanning more than ten pages (*See* Tr. 24-35). Furthermore, ALJ Peeples complied with the Appeals Council remand order (Tr. 166-67) by evaluating the new evidence submitted regarding Plaintiff's right knee (Tr. 32-33) and gave further consideration to his RFC in light of the new evidence by limiting him to sedentary work with walking and standing limited to fifteen minutes at a time. Because compliance with the Appeals Council's order for remand is not cognizable for judicial review, the undersigned finds no error warranting reversal.

### F.  Step Five:  Limitations on Sedentary Occupational Base

#### 1.  *Arguments of the Parties*

Plaintiff avers that the ALJ did not adequately address the effect of Plaintiff's additional limitations on the sedentary occupational base (DN 11 PageID # 916). Plaintiff also argues that his specific limitations were not reconciled with the Dictionary of Occupational Titles and requirements of the identified jobs (*Id.*). Plaintiff specifically points to the limitations to standing and walking for fifteen minutes at a time, but also that Plaintiff's pain is aggravated by sitting and standing for too long (*Id.*).

In response, Defendant avers that the ALJ asked the vocational expert accurate hypothetical questions, including the relevant limitations, and the vocational expert identified jobs Plaintiff could perform (DN 12 PageID # 931). Because the ALJ could reasonably rely on the vocational expert's testimony, the step five finding is supported by substantial evidence (*Id.* at PageID # 932).

In reply, Plaintiff contends that because the "RFC is not adequately explained" the vocational expert's testimony is not accurate and cannot be relied on (DN 13 PageID # 939). Plaintiff restates that SSR 83-12 was not followed, which "recognizes that such limitations may

significantly erode the occupational base." (*Id.* at PageID # 940).

2.  *Applicable Law*

At the fifth step, the Commissioner has the burden of demonstrating a significant number of jobs exist in the national economy that the claimant can perform, given his RFC, age, education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v) and (g), 404.1566(a); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 684 (6th Cir. 1992).  The Commissioner may meet this burden by relying on expert vocational testimony received during the hearing to determine what jobs exist in significant numbers in the economy which Plaintiff can perform considering the combination of his limitations.  *See Born v. Sec'y of Health & Hum. Servs.*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Varley v. Sec'y of Health & Hum. Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

A vocational expert's testimony can constitute substantial evidence to support the Commissioner's finding that a Plaintiff is capable of performing a significant number of jobs existing in the local, regional, and national economies, *Bradford v. Sec'y, Dep't. of Health & Hum. Servs.*, 803 F.2d 871, 874 (6th Cir. 1986) (per curiam), so long as a vocational expert's testimony is based on a hypothetical question which accurately portrays the Plaintiff's physical and mental impairments.  *Varley*, 820 F.2d at 779.

3.  *Discussion*

Plaintiff relies on SSR 83-12 that where claimant's RFC includes limitation to alternating sitting and standing in sedentary or light work may erode the occupational base such that a finding of disabled would be warranted (DN 11 PageID # 916).  Here, Plaintiff is limited to stand or walk for fifteen minutes at a time for a total of six hours in an eight hour workday (Tr. 24).  ALJ Peeples posed an accurate hypothetical question to the vocational expert, Pam Scalf, including the

limitation to standing and walking (Tr. 84).  In response, the vocational expert identified three jobs that exist in significant numbers in the national economy that Plaintiff could perform:  telephone solicitor, food checker, and document preparer (Tr. 85-86).  ALJ Peeples noted this in his step five findings (Tr. 36-37).  Plaintiff's contention that the ALJ must "meaningfully address" how the identified jobs accommodate the limitation to standing and walking disregards the purpose of the vocational expert's testimony (DN 11 PageID # 916).  Because the hypothetical question posed to the vocational expert was accurate, including all of Plaintiff's limitations, the ALJ may properly rely on the expert's testimony as substantial evidence.  *See Born*, 923 F.2d at 1174.

Furthermore, as to Plaintiff's argument that he is aggravated by sitting and standing for extended periods, there is no requirement that the ALJ's hypothetical question to the vocational expert reflect Plaintiff's unsubstantiated complaints.  *Hardaway v. Sec'y of Health & Hum. Servs.*, 823 F.2d 922, 927-28 (6th Cir. 1987) (per curiam).  While Plaintiff disagrees with the ultimate RFC finding, because the ALJ's determination is supported by substantial evidence and comports with applicable law, error assigned at step five to a deficient RFC fails (*See* DN 13 PageID # 939).

### G.    Conclusion

In sum, the decision of the Commissioner shall be affirmed.  The ALJ's decision and RFC determination is supported by substantial evidence and comports with applicable law.  No error exists to support reversal.

## IV.    ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.


H. Brent Brennenstuhl
**United States Magistrate Judge**

July 2, 2026


Copies:  Counsel